**UNITED STATES of America, Plaintiff,**

**v.**

**Gene STIPE and Red Ivy, Defendants.**

**No. CR–81–1417–W.**

United States District Court,
W. D. Oklahoma.

April 9, 1981.

Order Nunc Pro Tunc April 13, 1981.

Larry D. Patton, U. S. Atty., John Osgood, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

B. J. Rothbaum, Jr., James P. Linn, James A. Kirk, Drew Neville, Linn, Helms, Kirk & Burkett, Oklahoma City, Okl., for defendants.

## ORDER

LEE R. WEST, District Judge.

The Government has filed a pleading entitled, "Motion of the United States in Re: Order of Proof of a Conspiracy and Admissible Evidence Relating Thereto", together with a brief entitled, "Government's Brief in Support of Its Motion Urging the Court to Make Certain Discretionary Rulings and Findings of Law Pre-Trial", and a "Supplemental Statement of Fact and Related Material to Supplement the Government's Motion Requesting Certain Pre-Trial Rulings" which was filed under seal. Defendant Stipe has filed a motion for a brief in support of "Motion of Defendant, Gene Stipe, for an Order in Limine Forbidding Introduction of Co-Conspirator Hearsay Prior to the Establishment of a Conspiratorial Agreement and Defendant's Membership Therein by Independent Evidence and For an Order Establishing the Order of Proof". The Government has filed "Government's Reply and Brief in Support Thereof to Defendants' Answer to the Government's Brief of March 26, 1981."

The Defendant Ivy has moved to adopt the Motion of Defendant Stipe and the Court has granted Defendant Ivy's motion (see the Court's Order of April 8, 1981). Hereinafter, the motion of Defendant Stipe as adopted by Defendant Ivy will be referred to as Defendants' motion and the position taken will be considered that of the defendants.

The Government's motion, in addition to requesting a ruling with respect to the order of proof and the meaning of "independent evidence", requests a ruling on the admissibility of certain "post-conspiracy statements" made by Defendant Ivy. Defendants have filed a separate motion in limine as a response to this portion of the Government's motion. This order is a ruling only with respect to the order of proof and the meaning of "independent evidence". The motion with respect to the admissibility of Defendant Ivy's "post-conspiracy statements" will be ruled on in a separate order. The Court has carefully considered all the arguments and legal authority presented with respect to the order of proof in this trial and with respect to the meaning of "independent evidence" and makes the following observations and findings.

The Government urges the Court to make a pre-trial determination that any evidence which is admissible only under Rule 801(d)(2)(E), Fed.Rules of Evidence, 28 U.S.C.A., i. e., "co-conspirator hearsay" be conditionally admitted prior to the time the Government has established the existence of a conspiracy, that the declarant and co-defendant were members of the conspiracy, that the statement was made during and "in furtherance of" the conspiracy, subject to link-up with appropriate cautionary and limiting instructions to the jury. The government argues that it should be permitted to "present its case in somewhat chronological order" without the legally preferred order of proof constraints because

of "the complexity of the evidence". The Government's contention is that the independent evidence of the conspiracy and membership of the defendants therein is "inextricably intertwined with a good bit of hearsay evidence." The Government states that by requiring them to follow the legally preferred order of proof, the Court would be forcing them to put on their case in a "disjointed and obtuse fashion" ... "orchestrated to comport with strict evidentiary requirements" which would be "at best" confusing to the jury. The Government suggests that an alternative to this would be a "mini-trial" or "dress rehearsal" played to the Court, after which the Government could present its case to the jury in an orderly fashion.

The defendants have urged that the Government's motion be denied and that the Court enter a Motion in Limine prohibiting the prosecution from putting before the jury any hearsay statements of any alleged co-conspirator of the defendants prior to the Government's establishing by independent evidence that (1) the conspiracy alleged in the indictment existed; (2) the declarant and the defendant against whom the conspirators' statement is offered were members of the conspiracy; and (3) the statement was made during the course of and in the furtherance of the objects of the conspiracy. The defendants ask that the Court require the Government to follow the legally preferred order of proof in this Circuit as set out in *United States v. Petersen*, 611 F.2d 1313 (10th Cir. 1979); *United States v. Andrews*, 585 F.2d 961 (10th Cir. 1978), and *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc), a decision adopted by the Tenth Circuit in *Petersen, supra.*

The Constitution provides that an accused is entitled to have the witnesses against him testify under oath, in the presence of himself and the trier of fact, subject to cross-examination. The right of confrontation makes "hearsay" (a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted) inadmissible evidence in a trial.

However, a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy is not "hearsay". Rule 801, Fed.Rules of Evidence, 28 U.S.C.A. There has been considerable disagreement and uncertainty about why such statements are not classified as hearsay. The reason most frequently stated is that of classic agency rationale, *i. e.,* when a "partnership in crime" exists, the acts and statements of one partner become competent against all partners. Another explanation which has been given is the "necessity" theory, the theory that co-conspirators declarations are admitted out of necessity because conspiracy is difficult to prove. During the drafting of the new Fed.Rules of Evidence, there was an attempt to broaden the "co-conspirator exception" by eliminating the "in furtherance" requirement. The "in furtherance" requirement theoretically requires that the statement in question be made to advance the objectives of the conspiracy. It has been said that the retention of the "in furtherance" requirement was motivated by a desire to strike a balance between the great need for conspirators' statements in combating criminal activity and the need to protect the accused against idle chatter of criminal partners as well as inadvertently misreported and deliberately fabricated evidence. *See generally,* Vol. 4, Weinstein, *Evidence,* ¶ 801(d)(2)(E)[01], 1979 Ed.

■ Declarations of co-conspirators are admissible over the objection of a co-conspirator who was not present when they were made only if there is independent evidence that the person against whom the statement is being used is a member of the conspiracy. "Otherwise, hearsay would lift itself by its own bootstraps to the level of competent evidence." *Glasser v. U. S.,* 315 U.S. 60, 74–5, 62 S.Ct. 457, 467, 86 L.Ed.2d 680 (1942).

The Supreme Court stated in *U. S. v. Nixon,* 418 U.S. 683 at 701, 94 S.Ct. 3090 at 3104, 41 L.Ed.2d 1039 (1974):

"The hearsay rule does not automatically bar all out-of-court statements by a

defendant in a criminal case. Declarations by one defendant may also be admissible against other defendants upon a sufficient showing, by independent evidence, of a conspiracy among one or more defendants and the declarant and if the declarations at issue were in furtherance of that conspiracy."

The Court further stated:

"As a preliminary matter, there must be substantial independent evidence of the conspiracy, at least enough to take the question to the jury. [citations omitted]"

. . . .

"Whether the standard has been satisfied is a question of admissibility of evidence to be decided by the trial judge." Fn. 14, p. 701, 94 S.Ct. fn. 14, p. 3104.

In *Glasser, supra,* and in *Krulewitch v. U. S.,* 336 U.S. 440, 446, 453, 69 S.Ct. 716, 719, 723, 93 L.Ed. 790, the Supreme Court noted the dangers and unfairness to individual defendants inherent in conspiracy prosecutions. The Court said in *Krulewitch:*

"When the trial starts the accused feels the full impact of the conspiracy strategy. Strictly, the prosecution should first establish prima facie the conspiracy and identity of the conspirators after which evidence of acts and declarations of each in the course of its execution are admissible against all . . . . As a practical matter [however], the accused often is confronted with a hodgepodge of acts and statements made by others which he may never have authorized or intended or even have known about, but which helped to persuade the jury of existence of the conspiracy itself. In other words, a conspiracy often is proved by evidence that is admissible only upon assumption that conspiracy existed. The naive assumption that prejudicial effects can be overcome by instructions to the jury [citation] all practicing lawyers know to be unmitigated fiction."

Before the new Federal Rules of Evidence were passed, the judge and jury played a dual role in deciding the admissibility of co-conspirators' statements. Such statements were admitted by the Court with instructions to the jury that they were to consider those statements only if they independently found that the statements met all of the requirements for the admissibility of co-conspirators' statements. The jury made the ultimate determination of admissibility. The Tenth Circuit first recognized the judge's new role under Rule 801(d)(2)(E), *supra,* in *U. S. v. Andrews,* 585 F.2d 961 (10th Cir. 1978). The Court held that such statements could be admitted at the close of all evidence and prior to submission of the case to the jury, only if the trial judge determines that it is "more likely than not" that the conspiracy existed, that the declarant and the defendant against whom the conspirator's statement is offered were members of the conspiracy, and that the statement was made during the course and in the furtherance of the conspiracy.[1] In *U. S. v. Petersen,* 611 F.2d 1313, 1328 (10th Cir. 1979), the Court expressed the view that *Andrews* establishes a "preferable manner" in which to insulate a defendant from the danger of prejudice should the jury rely upon co-conspirators' statements which should not be attributed to him. In *Petersen, supra,* the Court points out that *Andrews, supra,* merely established the rule and did not suggest a procedure outlining how the required determination could be made. After carefully considering the literature and opinions on the subject, the *Petersen* Court recommended to the district courts, the en banc decision in *United States v. James, supra,* which established a minimum standard for the admissibility of co-conspirators' statements. The procedure is as follows:

1. The judge alone, pursuant to Rule 104(a), Fed.Rules of Evidence, makes the determination as to admissibility of hearsay co-conspirator statements.

---

1. The 2nd, 3rd, 4th, 6th, 7th, and 8th Circuits have adopted the same type of rule as the 10th Circuit adopted in *Andrews* and *Petersen.*

2. The Court makes a threshold determination based upon substantial independent evidence.

3. It is preferable whenever possible to require the Government to first introduce independent proof of the conspiracy and subsequent thereto, to establish the connection of the defendant with the conspiracy before admitting hearsay declarations of co-conspirators.

4. At the conclusion of all the evidence, the district court must determine as a factual matter whether the prosecution has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed; (2) that the co-conspirator and the defendant against whom the co-conspirator's statement is offered were members of the conspiracy; and (3) that the statement was made during the course and in furtherance of the conspiracy.

If, at the close of the evidence, the prosecution has not borne its burden of proof on these issues, the co-conspirator's statement is "hearsay" and is not admissible in evidence. The Court must, in that event, determine whether any erroneous admission can be cured by a limiting or cautionary instruction or whether a mistrial is required.

■ There is an exception to the preferred order of proof as outlined in *James, supra,* and adopted in *Petersen,* which the Government wishes to invoke in this case and which the defendants oppose. The Government wishes this Court to determine that "it is not reasonably practical" to require the conspiracy to be proved and the defendant to be shown to be members first and thus permit the introduction of hearsay statements subject to their being connected up and being subsequently proven not to be hearsay.

The Government argues that Courts in other circuits permit the practice of connecting up at the discretion of the trial judge and that it is "fully aware of the ultimate sanction and accepts that responsibility". The same argument was made to the Court in *James, supra,* the decision adopted by the Tenth Circuit in *Petersen, supra.* The *James* Court rejected that argument and adopted the preferred order of proof. The *James* Court quoted another Court:

"The judge insisted that the government present all its non-hearsay first. He then decided whether that evidence permitted reliance on the co-conspirator's exception. Nothing in the new rules or this opinion requires that the judge's meticulous approach be abandoned. Although time consuming, it avoids the danger that hearsay will be admitted in anticipation of a later showing of conspiracy that never materializes."

The *James* court continued.

"Both because of the "danger" to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy, and efficiency when a mistrial is required in order to obviate such danger, we conclude that the present procedure warrants the statement of a preferred order of proof in such a case. The district court should, whenever reasonably practical, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a co-conspirator. If it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the Court may admit the statement subject to being connected up.

In this case, the Government has indicated the possibility that there may be numerous statements which it may offer under the co-conspirator's exception. The dangers that an accused may be confronted with numerous statements made by someone else which he never authorized, intended, or even knew about, or that hearsay might lift itself up by its own bootstraps to the level of competent evidence cannot be ignored, nor can this Court deviate from the required order of proof unless the required order of proof is not reasonably practical. The prosecution in this case is represented by U.S. Attorneys who are presumably capable of presenting all their non-hearsay

evidence first. Although it may be inconvenient for them, there is nothing unique about the case which convinces the Court that it is unreasonable to require the Government to meet the minimum standards expressed in *James, supra,* and clearly adopted by the Tenth Circuit.

█ The Government argues that the hearsay statements which it seeks to qualify as co-conspirators' statements are themselves "independent evidence" that a conspiracy existed and that the defendant who made them is a member of the conspiracy. It argues that the Fifth Circuit permits such statements to be used as independent evidence and that the First Circuit even permits hearsay statements, including the very statements seeking admission, to be used as independent evidence.

The Tenth Circuit recognizes in *Andrews, supra,* that the new Federal Rules of Evidence represent a higher standard for the admission of the statements of co-conspirators. The Court points out that the new rules permit a trial judge to base his "determination" on hearsay and other inadmissible evidence; however, this is not an indication that the Tenth Circuit approves the bootstrapping approach which the Supreme Court condemned in *Glasser, supra,* and *U. S. v. Nixon, supra.* In *Petersen,* the Tenth Circuit speaks of "a substantial independent evidence rule", "substantial independent evidence", and a "preponderance of the evidence *independent of the statement itself*" (emphasis added). In *James, supra,* recommended to this Court by the Tenth Circuit, the Court states:

> "Although Rule 104(a) provides that the court 'is not bound by the Rules of Evidence except those with respect to privileges' we do not construe this language as permitting the court to rely on the content of the very statement whose admissibility is at issue. We adhere to our requirement established in *Apollo* that fulfillment of the conditions of admissibility must be established by evidence independent of the co-conspirator statement itself. This construction of Rule 104(a) comports with earlier Supreme Court pro-

nouncements that admissibility must depend on independent evidence in order to prevent this statement from 'lift[ing] itself by its own bootstraps to the level of competent evidence' [citations].

The Court is bound by the Tenth Circuit rule as set out in *Andrews, Petersen,* and *James,* that independent evidence means evidence independent of the co-conspirator statement itself.

Accordingly, this case will be tried in conformance with the legally preferred order of proof. The Government's motion with respect to the order of proof is DENIED. Defendants' Motion in Limine is PARTIALLY GRANTED insofar as no declaration of a co-conspirator will be admitted unless and until the Government has shown by substantial independent evidence, evidence other than the statement whose admission is sought, that it is more likely than not that (1) the alleged conspiracy existed; (2) the declarant and the defendant against whom the conspirator's statement is offered were members of the conspiracy; and (3) the statement was made during the course of and in the furtherance of the objects of the conspiracy.

### ORDER NUNC PRO TUNC

This Order should be attached to, and made a part of by reference, the Court's Order of April 9, 1981, which denied the Government's proposed order of proof and which required the Government to first prove a conspiracy, membership, and furtherance by independent evidence before offering hearsay testimony.

Nothing in this Order should be construed as preventing the Court from considering any non-hearsay evidence, such as admissions or other verbal non-hearsay independent evidence, in determining the preliminary questions of conspiracy, membership, and furtherance. Verbal statements by the declarant or made in the presence of a declarant may qualify as non-hearsay independent evidence and, if so, the Court can consider them in ruling on the preliminary question of conspiracy as to that declarant's membership and furtherance requirements.

Proof as to conspiracy, membership, and furtherance of other than the declarant would likewise have to be proved by other independent non-hearsay evidence. Again, this might be accomplished by admissions or verbal statements made in the presence of one other than the declarant, etc.

In order to prevent undue prejudice against any defendant, such statements claimed by the Government to be non-hearsay independent evidence should be proffered to the Court outside the hearing of the jury for an evaluation by the Court as to whether or not it qualifies as non-hearsay independent evidence used for evaluation by the Court on the preliminary questions of (1) existence of a conspiracy, (2) membership of declarant and defendant in that conspiracy, and (3) in furtherance of the goals of the conspiracy.